UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIM KOE,

    Plaintiff,

v.                                           Case No.: 2:24-cv-105-JLB-KCD

THE INDIVIDUALS,
PARTNERSHIPS, AND
UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff Kim Koe's Ex Parte Motion for Order Authorizing Alternate Service. (Doc. 13.)[1] For the reasons below, the motion is denied.

## I. Background

Plaintiff is a local artist who holds copyrights over her original works. She sues several international e-commerce stores that "are promoting, selling, offering for sale and distributing goods bearing or using unauthorized reproductions or derivatives of [her] Copyrighted Works." (Doc. 1 at 1-2.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

The alleged conduct here is not unique to Plaintiff. Her pleadings describe a widespread scheme where Defendants establish online storefronts to redistribute illegal products. Once their conduct is detected, they "quickly drain their marketplace accounts, clean out their money transfer accounts, change their usernames, and hide their identities to avoid being caught." (Doc. 8 at 3.) Defendants then reopen under different corporate identities and the cycle repeats.

Now before the Court is Plaintiff's motion to allow alternate service under Fed. R. Civ. P. 4(f)(3). Specifically, she wants to serve Defendants "by e-mail and website posting." (Doc. 13 at 6.) This is appropriate, according to Plaintiff, because Defendants "conduct their illegal businesses using the Internet and utiliz[e] e-mail as a primary means of communication." (*Id.* at 12.) And as a practical matter, electronic service will impede Defendants from taking evasive action to avoid financial responsibility for their conduct.

## II. Discussion

Service of process is governed by Federal Rule of Civil Procedure 4. When the party at issue is a foreign business entity, as here, there are several options. Service can be made by means that include international agreements such as the Hague Convention or, under Rule 4(f)(3), "by other means not prohibited by international agreement, as the court orders." *Id.* "Rule 4(f)(3) allows a district court to order an alternate method for service to be effected

2

upon foreign defendants[.]" *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2020 WL 5501141, at *1 (S.D. Fla. Sept. 11, 2020).

Courts have held that Rule 4(f)(3) is not merely a last resort to be used only after other methods of service fall short. *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015) ("By its plain terms, Rule 4(f)(3) does not require exhaustion of all possible methods of service before a court may authorize service by other means[.]"). But that doesn't make alternate service automatic. Service can proceed under Rule 4(f)(3) only when it is "(i) ordered by the court, and (ii) not prohibited by an international agreement." *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011).

The problem for Plaintiff is the second element. To determine whether electronic service is prohibited by international agreement, the Court must know where Defendants are. But that information has not been provided with any level of certainty. Plaintiff says Defendants are "residing in and/or operating from the People's Republic of China . . . or other foreign countries." (Doc. 13 at 14.) *Meaning Defendants could be anywhere in the world.* Given these allegations, it's impossible to say whether an international agreement prohibits Plaintiff's request or not. *Cf. TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 692 (S.D. Fla. 2012) ("[S]o long as the requested means are not

3

prohibited by international agreement, a court has discretion to determine that an alternative means of service is appropriate pursuant to Rule 4(f)(3).").

Plaintiff's situation is sympathetic. But Rule 4(f)(3) cannot be bypassed simply because alternate service is more convenient. The Court is unable to resolve whether an international agreement prohibits Plaintiff's proposed method of service, and thus her Ex Parte Motion for Order Authorizing Alternate Service (Doc. 13) is **DENIED**.

**ORDERED** in Fort Myers, Florida this April 15, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

4