UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRISTIN PHILDIUS,

    Plaintiff,

v.                                               Case No.:  2:24-cv-105-JLB-KCD

THE INDIVIDUALS,
PARTNERSHIPS, AND
UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A, DISHAILI,
FAIIVE, FUHAI FAMILY,
OOOFAYEOOO, WHAXSI and
YOU LOOK SO YOUNG,

    Defendants.
_____/

## ORDER

Plaintiff Kristin Phildius filed this copyright action against nearly a hundred e-commerce stores that "are promoting, selling, offering for sale and distributing goods bearing or using unauthorized reproductions or derivatives of [her] Copyrighted Works." (Doc. 1 at 1-2.) Many of the defendants failed to appear, so the Court entered a default under Fed. R. Civ. P. 55(a). (*See* Doc. 58.) Plaintiff then moved for default judgment against dozens of non-appearing Defendants, which raised a question whether joinder was appropriate under Federal Rule of Civil Procedure 20. To address this issue, the Court issued an order to show cause. (Doc. 66.)

After that, Plaintiff voluntarily dismissed most of the remaining Defendants. (Doc. 69.) Plaintiff argues that joinder of the remaining four[1] Defendants (DISHALILI, FAIIVE, Whaxsi, and You look so young) is proper to promote fairness, convenience, and judicial economy. (Doc. 71.) The Court agrees.

"[P]ermissible joinder under Rule 20 requires, in part, a right to relief to be asserted against each defendant, jointly, severally, or in the alternative with respect to, or arising out of, the same transaction, occurrence, or series of transactions or occurrences." *Animaccord Ltd. v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule "A"*, No. 0:22-CV-60956-KMM, 2023 WL 5625501, at *1 (S.D. Fla. Feb. 28, 2023). Here, there are common questions of law and fact for the remaining Defendants. The screenshot evidence of the listings of the infringing products sold point to a logical connection between them. (Doc. 71-2.) Plaintiff also claims that the remaining Defendants are collectively working in a similar manner on Amazon.com, and during the same time period, to commit copyright infringement in the same "occurrence of mass harm." (Doc. 71 at 9 (citing *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* 334

---

[1] Plaintiff says that only four defendants remain, but there are two Defendants (Fuhai Family and Ooofayeooo) that Plaintiff has not yet dismissed from the case. Plaintiff should file a notice of voluntary dismissal as to these Defendants.

F.R.D. 511, 516 (N.D. Ill. 2020) ("Defendants allegedly take advantage of a set of circumstances—the anonymity and mass reach afforded by the internet and the cover afforded by international borders—to violate Bose's trademarks with impunity…Joinder is appropriate in such circumstances".)). Considering the arguments raised in Plaintiff's response (Doc. 71), the Court will discharge the show cause order.

Accordingly, it is **ORDERED**:

1. The Court's Order to Show Cause (Doc. 66) is **DISCHARGED**.
2. Plaintiff must file a notice of voluntary dismissal for Defendants Fuhai Family and Ooofayeooo if she does not intend to pursue this case against them.
3. Plaintiff must file a motion for default judgment against the remaining Defendants by **November 12, 2024**.

**ORDERED** in Fort Myers, Florida on October 28, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record