UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRISTIN PHILDIUS,

    Plaintiff,

v.                            Case No.  2:24-cv-105-JLB-KCD

THE INDIVIDUALS,
PARTNERSHIPS, AND
UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A, DISHAILI,
FAIIVE, FUHAI FAMILY,
OOOFAYEOOO, WHAXSI and
YOU LOOK SO YOUNG,

    Defendants.
_____/

## ORDER

Plaintiff Kristin Phildius moves for a final judgment against several defendants who have not appeared and are in default. (Doc. 73.)[1] For the reasons below, her motion is denied without prejudice.

## I. Background

The Court takes the facts below from the complaint, which are admitted by the defendants' default. Phildius is an artist "known for her seashell sculptures and creations." (Doc. 1 ¶¶ 10-11, 12.) Her "original seashell

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

sculptures, as well as the photographs used to advertise, market, promote, and sell her three-dimensional artworks are protected by copyright and registered with the Copyright Office." (*Id.* ¶ 20.)

Phildius filed this action against ninety-five e-commerce stores that "are promoting, selling, offering for sale and distributing goods bearing or using unauthorized reproductions or derivatives of [her] Copyrighted Works." (*Id.* at 1-2.) The defendants "either reside and/or operate in foreign jurisdictions." (*Id.* ¶ 29.)

Phildius first sought to serve the stores by email and a website posting. (*See* Doc. 13.) But the Court denied her motion for disregarding Rule 4. (*See* Doc. 16.) Rather than attempt service under any applicable international agreement—as required by Rule 4—Phildius attempted service through Florida's Secretary of State under Florida Statute § 48.181. (Doc. 73 at 2-3, *see* Doc. 42-1 at 12, 15, *see also* Doc. 43-1 at 33, 43.) She has since dismissed most of the stores, and only four remain: Dishalili, Faiive, Whaxsi, and You Look so Young (collectively "Defendants"). (*See* Doc. 69, Doc. 73.)

Defendants have not answered or otherwise appeared, and the Clerk entered defaults against them. (Doc. 58.) Phildius now seeks a final default judgment. (Doc. 73.)

## II. Standard of Review

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Golembiewski v. Waters Pointe Apartments, LLC*, No. 8:23-CV-00081-KKM-AEP, 2023 WL 4931218, at *2 (M.D. Fla. June 27, 2023). "The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment." *Petition of Daytona Beach Aqua Safari, Inc. v. Castle*, No. 6:22-CV-740-CEM-DCI, 2023 WL 2329090, at *1 (M.D. Fla. Feb. 10, 2023). First, when a defendant "fails to plead or otherwise defend," the Clerk enters default. *Id*. By defaulting, the defendant admits the well-pleaded factual allegations in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). "Second, after obtaining [a] clerk's default, the plaintiff must move for default judgment." *Daytona Beach Aqua Safari, Inc.*, 2023 WL 2329090, at *1.

"Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations in the complaint, which are assumed to be true, adequately state a claim for which relief may be granted." *Golembiewski*, 2023 WL 4931218, at *2. "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Nu Image, Inc. v. Does 1-3,932*, No. 2:11-CV-545-FTM-29, 2012 WL 1890829, at *2 (M.D. Fla. May 24, 2012).

### III. Analysis

"The Due Process Clause . . . protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Thomas v. Brown*, 504 F. App'x 845, 847 (11th Cir. 2013). Thus, before entering default judgment, the reviewing court must verify that service was proper and it has jurisdiction over the parties. *Golembiewski*, 2023 WL 4931218, at *3; *United States v. Joseph*, No. 8:23-CV-1015-KKM-JSS, 2023 WL 8261327, at *2 (M.D. Fla. Nov. 8, 2023) ("A plaintiff bears the burden to establish proper service of the complaint on the defaulting party to obtain a default judgment."). "Where service of process is invalid, the court lacks jurisdiction over a defendant." *Baxter v. Miscavige*, No. 8:22-CV-986-TPB-JSS, 2023 WL 1993969, at *3 (M.D. Fla. Feb. 14, 2023).

"Federal Rule of Civil Procedure 4 provides the methods by which a plaintiff may serve process on a defendant." *Id*. The rule imposes different requirements depending on whether the party to be served is within a judicial district of the United States or a foreign country and is an individual, rather than a corporation, partnership, or association. *See* Fed. R. Civ. P. 4 (e), (f), (h).

It is unclear which provision of Rule 4 applies here because Phildius has not told the Court whether Defendants are individuals, partnerships, or unincorporated associations. She also failed to identify where they reside beyond stating, "all Defendants are located in foreign jurisdictions, mostly

4

China." (Doc. 1 ¶ 51.) Those elementary failures doom her motion since it was her burden to show personal jurisdiction. *Joseph*, 2023 WL 8261327, at *2. But even analyzing each potentially applicable section of Rule 4, the same result follows.

As mentioned, Defendants "either reside and/or operate in foreign jurisdictions," (Doc. 1 ¶ 29.) "There are two rules of federal civil procedure that apply to service of process upon an international entity located outside of United States jurisdiction: Fed. R. Civ. P. 4(f) (Service Upon Individuals in a Foreign Country) and Fed. R. Civ. P. 4(h) (Service of Process Upon Corporations and Associations)." *Prewitt Enterprises, Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003).

If Defendants are "foreign corporation[s], or a partnership or other unincorporated association[s]," Rule 4(h) provides that service must be completed "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." *Id.*

Turning to Rule 4(f), it says service may be effected "by any internationally agreed means of service that is reasonably calculated to give notice" or "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f)(1), (2). Alternatively,

a plaintiff may serve process "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

The Court denied Phildius' request to serve Defendants by alternative means under Rule 4(f)(3). And it cannot tell whether she complied with Rule 4(f)(1) or (f)(2) since it is unknown where Defendants reside or if there are any international agreements governing service. Any assertion that Phildius complied with Rule 4(h) or Rule 4(f) thus falls flat.

Phildius did attempt service using Florida's Secretary of State under Florida Statute § 48.181. But this was improper since Defendants are admittedly "located in foreign jurisdictions." (Doc. 1 ¶ 51.) A similar situation was addressed in *Cayago Tec GmbH v. iAQUA (Hong Kong) Ltd.*, 664 F. Supp. 3d 1361 (S.D. Fla. 2023). There, the plaintiffs tried to serve a Chinese company by personally serving its managing director, who happened to be present in Florida. The court quashed service because the defendant was organized under the laws of another country and did not have an office or place of business in the United States. Thus, service needed to be made "by means specified in an international agreement or in a manner that does not offend an international agreement" under Rule 4(f). *Id.* at 1364.

Phildius has not alleged that Defendants are organized under the laws of the United States. Nor does she contend they have offices or places of business in the United States. While Florida's Secretary of State may be found

6

within a judicial district of the United States, the Court is persuaded by the reasoning in *Cayago Tec*, which forecloses any argument that Phildius complied with Rule 4 by serving the Secretary. *See Cayago Tec GmbH*, 664 F. Supp. 3d at 1364.

One last thing. Even if Phildius could proceed under Florida Statute § 48.181 here, she disregarded some of the statute's requirements. For instance, when serving process under § 48.181, a plaintiff must also comply with § 48.161, which directs them to file an affidavit "set[ting] forth the facts that justify substituted service [on the Secretary] and that show due diligence was exercised in attempting to locate and effectuate personal service on the party before using substituted service[.]" Fla. Stat. § 48.161(2). Phildius has not filed an affidavit detailing her due diligence. *See* Fla. Stat. § 48.161(4). In fact, it is unlikely she tried to effect personal service before turning to the Secretary of State since she attempted service on Defendants and ninety-one other e-commerce stores via the Secretary of State less than a month after the Court denied her request to serve process via alternative means. (Doc. 16, Doc. 35.)

Phildius bore the burden of establishing proper service. *Joseph*, 2023 WL 8261327, at *2. She has not done so. Accordingly, the Renewed Motion for Entry of Final Judgment by Default as to Certain Defendants Identified on Schedule "A" And Incorporated Memorandum of Law (Doc. 73) is **DENIED**

**WITHOUT PREJUDICE**. To award a final judgment here, Phildius must provide proof of service in compliance with Fed. R. Civ. P. 4.

**ORDERED** in Fort Myers, Florida on November 12, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record